## BONNETTE v INDUSTRIAL COMM

Ohio Appeals, 2nd Dist, Franklin Co

No 2620. Decided May 14, 1936

Cowan, Adams & Adams, Columbus, for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and Joseph E. Bowman, Asst, Prosecuting Attorney, Columbus, for defendant in error.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error from the judgment of the Court of Common Pleas of Franklin County, Ohio.

In the court below defendant's demurrer to plaintiff's petition was sustained and final judgment entered thereon.

This is the final order from which error is prosecuted in this court.

It is alleged in the petition that the plaintiff, on December 17, 1930, and for some time prior thereto, was in the employ of Richard O. Guthke, Jr., as clerk in a hardware store, in Columbus, Ohio, and that on said day he was struck by an automobile as he was alighting from a street car near his home, where he had gone in the evening to get his dinner. The nature and extent of his injuries are set forth and the claim made that the same were suffered in the course of his employment.

Other jurisdictional allegations are properly made from which it would follow that plaintiff would be entitled to judgment, provided his injuries grew out of and were sustained in the course of his employment.

The pertinent paragraph on this question is set out in full:

"Plaintiff says that on said December 17, 1930, he worked throughout the day and

was directed by said employer to continue his work during the evening at said store; that at about 5:30 P. M. he was permitted to leave said store to get his dinner; but was required to come back to the store as quickly as he could; that he was paid by said employer for the time he was eating said meal; that he left said store for his dinner, but found the restaurant crowded; that said crowded condition would delay his getting back to the store; that to save time he went home to get his dinner; that he boarded a street car to get his dinner at home and as he got off said street car he was struck by an automobile and suffered a fracture of the skull, * * *; that said Industrial Commission denied plaintiff's compensation for said injuries on the ground that the proof failed to show his disability the result of an injury in the course of his employment; within thirty days thereafter the plaintiff duly filed an application for rehearing; testimony was taken on rehearing and reduced to writing; that on rehearing of said claim by said Industrial Commission it again denied the plaintiff compensation for said injury for the same reason."

Plaintiff's petition in error sets out three numbered specifications of error. Each and all challenge the correctness of the decision of the lower court in sustaining defendant's demurrer to plaintiff's amended petition.

Very able and comprehensive briefs have been filed by counsel representing the respective parties.

Counsel for plaintiff in error cite and quote from decisions outside the state of Ohio. An examination of these authorities discloses that they support plaintiff's contention. We do not find them controlling for the reason that we think the trend of Ohio decisions is otherwise.

There is also cited in the brief of counsel for plaintiff in error several decisions of Ohio courts. The case nearest approaching the instant case in its facts is that of **Industrial Commission v Henry, 124 Oh St, 616.** In the reported case claimant's decedent received the injuries from which he later died not on the premises of the employer, but in such close proximity thereto as to be within the zone hazard, and thereby subject to a degree of exposure to which the general public was not subjected.

In the instant case it does not affirmatively appear that the decedent's home was near the place of his employment, or in any sense subject to a hazard not common to the public.

It is urged that the fact that the amended petition alleges that the decedent was paid for his time during his absence from the store would modify the general rule. Under some situations of employment, this would probably be true, but we find nothing in the allegations of the amended petition in the instant case to warrant any exception. So far as we ascertain from the amended petition, plaintiff's work was at the store and the general rule is certainly well recognized that when an employee leaves his place of employment to go home for his meals and during such time is injured, no cause of action is thereby created for the reason that the injury does not grow out of or in the course of employment.

The case of **Industrial Commission v Ahern, 119 Oh St, 41,** is in point and we think determinative of the instant case. In the reported case Nanie Ahern, a saleslady in the shoe department of the Pogue Company, at about 9:30 A. M., left her work on the first floor and went to the rug department on the fourth floor for the purpose of making a purchase. While there she slipped, fell and was injured. In the statement of the case it appears that there was a rule of the company permitting employees at this hour to go to other departments for the purpose of making purchases, and further that these purchases were made upon the employer's time. It was held that the claimant was not entitled to compensation under the Workmen's Compensation Law.

There is a line of cases in other states, holding that where the employee receives traveling expenses the general rule is modified so as to bring the injured employee within the provisions of the Workmen's Compensation Act.

The case of **Industrial Commission v Heil, 123 Oh St, 604,** has a bearing on this question. In the statement of the case it appears that the company reimbursed the employee for the expenses of transportation between Springfield and the plant of the employer, located some one or two miles west of the city. The Supreme Court reversed the trial court as well as the Court of Appeals, and entered final judgment in favor of the Industrial Commission.

Another Ohio decision disclosing the reasoning and trend on street injuries, is that of **Industrial Commission of Ohio v Gintert, 128 Oh St, 129.** It will be noted that this case overruled a previous decision of the Ohio Supreme Court, **Inglish v Industrial Commission, 125 Oh St, 494.**

We have also examined the following case in which compensation was allowed, where the injury did not take place at the place of employment but within the zone where such employee is in direct causal connection with the environment: **Industrial Commission v Barber, 117 Oh St, 373.**

The same question is disclosed in the case of **Industrial Commission v Baker, 127 Oh St, 345.**

We are constrained to the view that the trial court was not in error in sustaining the demurrer and entering judgment.

The petition in error will be dismissed and costs adjudged against plaintiff in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.