## FRAME v INDUST. COMM.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3047. Decided Sept. 15, 1939

Ralph J. Bartlett, Prosecuting Attorney, Columbus; David B. Sharp, Asst. Pros. Atty., Columbus; Edmund B. Pax-

ton, Asst. Pros. Atty., Columbus, for defendant-appellant.

Charles Case, Columbus, and Charles Bradley, Columbus, for plaintiff-appellee.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on question of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

In the trial court a jury was waived and the cause submitted on the pleadings, evidence and argument of counsel. There is very little if any controversy on the factual questions.

On or about July 30, 1934 Mr. Rollo S. Frame, Jr., was an employee of the State of Ohio in the Department of Highways. He had the specific title of engineer in the Bureau of Construction. His particular duty was to prepare and investigate federal projects. His regular hours of employment were approximately from 8:40 A. M. to 5:00 P. M. of each weekday except Saturdays and holidays. Mr. Frame's work for some time prior to his fatal accident was preparing a secondary federal program and he understood that it was necessary for this work to be completed by a certain day in order to be submitted to the Federal Government, so that the amount would not be allotted to some other state. In other words, if the program was not completed and submitted to the Federal Authorities at the required time, the fund in all probability would go to some other state. Mr. Frame from the time he began employment had been in the habit of working overtime sometimes at the office in the State Office Building and other times at his home. On this particular work about 50 per cent of the time was required to be occupied in the field and when so working Mr. Frame paid little attention to working hours. Mr. Frame's superior knew that he was in the habit of doing overtime work. As to the particular time when and where he would do the overtime work was left entirely to the discretion of Mr. Frame. At or about 5:00 P. M. on July 30, 1934 Mr. Frame and other employees working with him left the Office Building for their lunch at a close-by cafe.

After eating their lunch they returned to the Office Building and continued work until about 10:00 P. M.

Prior thereto Mr. Frame telephoned to his residence requesting his wife to bring their automobile down and take him home. This was a custom that he had followed on previous occasions.

Mrs. Frame and her son, the latter driving the car came from their home and was driving on the west side of Riverside Drive.

They saw Mr. Frame waiting on the sidewalk on the east side of the street; thereupon they parked the car and waited for him to cross to their auto.

In crossing the street Mr. Frame was struck by a truck and received injuries from which he died the following day.

In due time Mrs. Frame presented the death claim to the Industrial Commission. The latter denied the claim on the ground that Mr. Frame's injury which resulted in his death did not occur in the course of his employment nor did it grow out of it. On application for rehearing the same order was made after which the proceeding was duly appealed to the Common Pleas Court.

The sole question for determination is whether or not under the stated facts the trial court was correct in reversing the Industrial Commission and finding that the fatal accident to Mr. Frame grew out of and was in the course of his employment.

The legal principle followed in Ohio and universally established in all jur-

isdictions holds that an injury received by an employee in going to and from his place of work does not grow out of his employment. This principle is frequently referred to as the "going and coming" doctrine; and in some instances it is mentioned as street accidents.

This well recognized and universal principle has its exceptions, apparently in all jurisdictions.

We think the rule and the exceptions are so definitely determined by the courts of Ohio that we need not determine the extent of the rule in other jurisdictions.

We are controlled by the decisions of the Supreme Court of Ohio if it has spoken on the subject.

The case of **Industrial Commission of Ohio v Gintert, 128 Oh St 129** is cited and has been thoroughly examined. The third syllabus reads as follows:

"3. Injuries sustained by a teacher in the public schools while traveling from her home to the school building where she performed her duties as an instructor are not compensable from the workmen's compensation fund, notwithstanding such teacher did some work in her own home preparatory to or connected with the performance of her duties in the school room. (**Inglish v Industrial Commission, 125 Oh St 494** overruled)"

Under the factual statements made in the above syllabus a query might arise as to whether or not it should be distinguished from the facts in the instant case.

The fact that the Supreme Court overruled its former decision in **125 Oh St 494**, supra is significant. The case overruled (**Inglish v Industrial Commission, 125 Oh St 494**) had determined under a stronger state of facts that the Commission was liable. The second syllabus reads as follows:

"2. Where a school teacher. after school hours, while traveling by the usual, direct and necessary route from the school to his home, carrying examination papers, which he was expected by his county superintendent to grade at his home, such being the general practice, there being no opportunity or facilities to perform such work in the school house, was struck and killed by an automobile, such accident arose out of and in the course of decedent's. employment."

Judge Matthias in rendering the opinion in **128 Oh St 129** supra, at **page 134** makes the following statement:

"There are some points of difference between the instant case and the case of **Inglish v Industrial Commission, 125 Oh St 494** * * *, upon which they could be distinguished. We are fully persuaded, however, that the essential and basic principles of the Workmen's Compensation Law heretofore discussed preclude compensation under the undisputed facts disclosed in either case. We therefore reverse the judgment in the instant case, and, though with some reluctance we overrule the decision in **Inglish v Industrial Commission, 125 Oh St 494** * * *."

The fact that the overruling of the prior opinion was carried into the syllabus clearly denotes that it determines that its opinion in the Inglish case, supra was incorrect and that under the facts therein the decision should have been in favor of the Commission instead of reversing the judgment and holding for the claimant as was done. The statement of factual questions in the syllabus in **125 Oh St** supra, together with further detailed facts set out. in the opinion present many factual questions very similar to the instant case. There are several opinions reported in the Ohio Appellate Reports: and the Ohio Law Abstract which in connection with the decision of the Ohio Supreme Court we consider helpful and determinative.

A very interesting case and one presenting an exception to the general rule and the reason therefor in a "coming and going" case is that of **Industrial**

Commission of Ohio v Murphy, 50 Oh Ap 148. We quote from the opinion at page 150.

"It is the contention of the Commission that the actual employment of the defendant in error did not commence until he arrived at the funeral home. We cannot so hold. Is seems clear to us that there are many differences between the case under consideration and what is commonly styled 'coming and going case,' where the employee had a fixed time to appear at his employer's place of business. Up to the time the employee reaches such place he is his own master, can choose his route, engage in such private enterprises as he sees fit, take as much time as is consistent with his reaching his place of employment at the stipulated time, start from when and from where he chooses, and, after he leaves his place of employment goes where he pleases, with no responsibility to advise his employer of his movements.

"In the instant case it is perfectly apparent that immediately upon receiving the telephone call it became the duty of the employee to go directly to his place of employment as rapidly and directly as he could. His private affairs from the moment that he was advised that he was wanted must be put aside. Any action on his part inconsistent with such direct and immediate response to his employer's call would have been proper occasion for his discharge."

The principle announced in the above case was not based in any particular on the fact that claimant was working overtime but rather on the attending facts and circumstances which was held to constitute employment going and coming from his home in furtherance of his work. In the case of Voehl v Indemnity Insurance Company, 288 U. S. 162, at page 169, Chief Justice Hughes delivering the opinion quotes from two earlier United States Supreme Court opinions, as follows:

"No exact formula can be laid down which will automatically solve every case. Cudahy Packing Co. v Parramore, 263 U. S. 418, 424; see also Bountiful Brick Co. v Giles, 276 U. S. 154, 158 * *'"

In the above cases the court was dealing with the "going and coming" principle in industrial cases.

In the case of Eyman, Appellee v Industrial Commission of Ohio, Appellant, 58 Oh Ap page 287, this Court in an opinion decided December 6, 1937 reversed the lower court and entered final judgment in favor of the Industrial Commission. Eyman was an employee and assistant manager in a grocery store at Gahanna, Franklin County. On the evening of October 31st, 1934 he remained at the store longer than was usual, leaving about ten o'clock at night. On his way home, traveling in his own automobile and carrying some groceries from the store to his home to be paid for by his wife, he had an accident and suffered injuries from which he died. The syllabus in the case reads as follows:

"Where an employee, who uses his own automobile in going to and from his place of employment, is injured or killed in an automobile accident on his way home from work, the fact that he was carrying in his car at the time goods that his wife had ordered from him as agent of his employer, to be paid for when delivered, does not justify the conclusion that the injury arose out of and in the course of his employment, notwithstanding the fact that he sometimes carried goods in his automobile to and from the store in which he was employed."

We also call attention to the case of Baumbach, Appellee v Industrial Commission of Ohio, Appellant, 59 Oh Ap 101. The opinion was by Matthews, J. and concurred in by his two associates. The judgment of the trial court was reversed and final judgment entered for the Industrial Commission.

The factual questions are adequately set out in the syllabus which we quote in full:

"Injuries suffered by an employee in an automobile accident while returning home from a special out-of-town job are not occasioned within the course of employment so as to be compensable under the Workmen's Compensation Act, even though the employer, an interior decorator, pays the expense of transportation to and from the city when the work is on out-of-town jobs, where, in returning home, the employee is performing no duty of the employer and does not have to report to the latter's office."

The further pertinent fact is stated in the opinion in effect that the employee performed a substantial majority of the work contemplated by the contracted employment within the limits of metropolitan Cincinnati. The particular work in which claimant was engaged for his employer on the date of his accident was redecorating a Presbyterian church at Hamilton, Ohio.

He quit work at 4:30 P. M. and thereafter proceeded in his automobile direct from the church to his residence. No question of working after regular hours was involved but the case does present the question of liability in "coming and going." The Supreme Court overruled application to certify. It is also of interest to note that Judge Matthews, who wrote the opinion in the above-entitled cause, was the same Judge Matthews who wrote the opinion in the case of **Murphy v Industrial Commission of Ohio**, reported in **32 O. N. P. N. S., page 89**. The opinion in the Murphy case, supra, was released March 20, 1934 while Judge Matthews was serving as Common Pleas Judge in Hamilton County, Ohio. We make the above observations due to the fact that counsel for appellee apparently places great stress on the opinion of Judge Matthews, reported in **32 N. P. N. S., 89**.

This case was carried to the Court of Appeals and the judgment affirmed the same case heretofore referred to as reported in **50 Oh Ap 148.**

The case of **Bonnette v Industrial Commission, 22 Abs 176**, decided by our Court in its factual questions is very close to the instant case. The claimant Bonnette, was employed as a clerk in a hardware store in Columbus, Ohio and on December 17, 1930, after working throughout the day, was directed by his employer to continue his work during the evening at said store; about 5:30 P. M. he was permitted to leave such store to get his dinner but was requested to come back to the store as quickly as possible; and he was paid by his employer for the time he was eating said meal; he left the store for his dinner but found a restaurant where he intended to go crowded and by reason thereof and for the purpose of saving time boarded a street car to get his dinner at home and as he got off said street car he was struck by an automobile and suffered injuries which was the basis of his claim. In the trial court the demurrer of petition was sustained the plaintiff not desiring to plead further, final judgment was entered dismissing the cause. The above stated facts together with others were fully set out in the petition. The judgment of the trial court was sustained in our Court. In the opinion as well as in the other Ohio cases herein referred to numerous other Ohio cases were listed and quoted from. We do not deem it necessary to again refer to these numerous decisions as same may readily be found in the above-mentioned cases.

Counsel for appellee in their brief while recognizing the general rule that employees in going from their home to their place of employment and its environs and returning therefrom to their home are not entitled, when suffering an injury at such time, to compensation, yet urge that the instant case comes within the exceptions referred to in "coming and going" cases. The following cases claim to be supporting are cited:

Voehl v Indemnity Insurance Co., 288 U. S. 162; 2 Syl.;

State Compensation Fund v Industrial Accident Commission, 264 Pacific 514;

Gibbs v Macey, 212 N. Y. S. 428;

Schockley v School District, 204 N. W. 715;

Hyle v Green High School, 226 N. W. 71.

We have examined each and all of the above cases and have no difficulty in determining that each with the exception of possibly one may be readily distinguished from the facts in the instant case.

In the instant case the only existing fact relied upon to take the case without the general rule is that Mr. Frame was working after hours, i. e., he was working overtime. This, standing alone is not sufficient.

No specific formula can be given to fit all cases. Whether or not the exception to the general rule may be given application depends on the facts of each particular case. The mere fact that an employee either of his own volition or by request of his employer remains at his regular work and performs overtime service standing alone will not invoke exceptions to the general rule. Neither will the fact that the employee goes out for his dinner at or near the the closing time, then returns to his regular place of work modify the general rule.

As far as shown from the record Mr. Frame was not ordered to report after hours on the day that he was injured. It was generally known by his superior that he had been working overtime but when and where he would do this work was left to his own discretion. The record will disclose that the overtime work was acquiesced in but not under any specific order.

We are constrained to the view that the judgment must be reversed and final judgment entered for the appellant. Entry may be presented accordingly.

HORNBECK, PJ. & GEIGER, J., concur.

## APPLICATION FOR REHEARING

No. 3047. Decided Sept. 28, 1939.

Charles Case, Columbus, and Charles Bradley, Columbus, for plaintiff-appellee.

Ralph J. Bartlett, Prosecuting Attorney, Columbus; Edmund B. Paxton, Asst. Pros. Atty., Columbus, for defendant-appellant.

BY THE COURT:

The above entitled cause is now being determined on plaintiff's application for rehearing. We have re-examined the file, but find no reason to modify our original opinion. The application for rehearing will be overruled.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.